# United States Court of Appeals
# for the Fifth Circuit

No. 21-60054

IN RE: ANDREW JAMISON,

A True Copy
Certified order issued Mar 11, 2021

*Lyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit

*Movant.*

---

Motion for an order authorizing
the United States District Court for the
Northern District of Mississippi to consider
a successive 28 U.S.C. § 2254 application

---

Before WILLETT, HO, AND ENGELHARDT, *Circuit Judges*.

PER CURIAM:

Andrew Jamison, Mississippi prisoner # 117604, seeks authorization to file a second or successive 28 U.S.C. § 2254 application challenging his Mississippi state convictions for attempted armed robbery and possession of a stolen firearm. In his proposed application, Jamison seeks to argue that (1) the trial court erred when it permitted Phillip England to testify as an expert witness on the subject of fingerprints, (2) the State erred by failing to allow Jamison to view the videotape evidence prior to trial, (3) the evidence was insufficient to support his conviction for attempted armed robbery because the State failed to prove the overt act element of the offense of conviction, and (4) counsel was ineffective for failing to file a direct appeal.

To the extent that these claims were raised in Jamison's prior § 2254 application, they may not be reconsidered in a successive § 2254 application.

*See* 28 U.S.C. § 2244(b)(1). If the claims are newly raised, to obtain authorization, Jamison must make a prima facie showing either that (1) "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that, "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2)(A), (b)(2)(B); *see* § 2244(b)(3)(C). Jamison has failed to make the requisite showing.

Accordingly, IT IS ORDERED that Jamison's motion for authorization to file a successive § 2254 application is DENIED. Jamison has now made six attempts to challenge his state convictions in federal court. He is WARNED that the filing of repetitive and frivolous motions may result in sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.